UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

HERIBERTO RODRIGUEZ LACHE,

    Plaintiff,

v.

WAL-MART STORES, INC., a foreign for profit Corporation and JOHN F. AMAYA,

    Defendants.
_____/

## NOTICE OF REMOVAL

**COMES NOW**, the Defendant, WAL-MART STORES, INC. (hereinafter "Wal-Mart"), by and through its undersigned counsel and pursuant to 28 U.S.C. §1332, §1441, §1404 and §1446, hereby files this, its Notice of Removal of the above-styled cause, from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, in which this action is pending, to the United States District Court, Southern District of Florida, and shows onto this Honorable Court the following:

1. This Notice of Removal has been filed within the time prescribed in 28 U.S.C. § 1446(b). This court has original jurisdiction pursuant to 28 U.S.C. § 1332(a).

## BACKGROUND

1. This cause is a negligence action originally filed by Plaintiff, HERIBERTO RODRIGUEZ LACHE, individually, a citizen of the state of Florida, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 13-04459 CA 23 (the "State Court Action").

2. Specifically, Plaintiff alleged that on or about November 5, 2010, the Defendant, JOHN F. AMAYA, while operating a motor vehicle in the course and scope of his employment with Defendant, WAL-MART, negligently operated and/or maintained the motor vehicle so that it collided with Mr. Lache's vehicle, directly and proximately causing injuries and damages to the Plaintiff. This action is brought by the Plaintiff pursuant to Florida state tort law.

3. The Complaint was filed on or about January 19, 2013. A copy of all pleadings served on Defendant and on file in the State Court Action is attached hereto as Composite Exhibit "A."

## DIVERSITY OF CITIZENSHIP AND CONSENT OF CO-DEFENDANT

4. At all times that the Complaint was filed in the State Court Action and at the time of this removal, Defendant, Wal-Mart, was a corporation incorporated under the laws of the State of Delaware, with its principal place of business at 702 SW 8th Street, Bentonville, Arkansas. It is at this office that nearly all executive officers operate and nearly all corporate decisions are made.

5. Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is a citizen of the state in which it is incorporated and of the state where it maintains its principal place of business. Accordingly, Defendant, Wal-Mart, is a citizen of Delaware and Arkansas.

6. Although the Complaint alleges that Defendant, JOHN F. AMAYA, is a citizen and resident of Miramar, Florida, at the time of the filing of the Complaint in the State Court Action and the time of the filing of this Notice of Removal, Defendant, JOHN F. AMAYA, was a citizen and resident of Rogers, Arkansas. Pursuant to 28 U.S.C. § 1446(b), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the Defendant, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, …"

8.  On February 25, 2013, counsel for Defendant, WAL-MART, contacted Defendant, JOHN F. AMAYA, to inquire as to whether he had also been served with a Complaint. During that conversation, Mr. Amaya informed the undersigned counsel that he no longer resided in Miramar, Florida, as he was now working out of the Wal-Mart Corporate Headquarters in Bentonville, Arkansas, and was a citizen and resident of Rogers, Arkansas, with an address of 42 Buckingham Drive, Rogers, Arkansas, 72758. Mr. Amaya also consents to the removal of this case where he has been named, even though he has not been served with process as of the time of this removal.

9.  Therefore, complete diversity of citizenship exists between the parties within the meaning of 28 U.S.C. § 1332(a)(1).

## AMOUNT IN CONTROVERY

10. The amount in controversy in this action exceeds seventy-five thousand dollars ($75,000.00). Plaintiff alleges entitlement to money damages, without specifying the amount or value thereof, merely alleging that such amount is "in excess of $15,000.00." Complaint ¶ 1.

11. Where a complaint only alleges unspecified damages and does not support the amount in controversy, the defendant in a diversity case may invoke federal jurisdiction so long as it can show by a preponderance of the evidence that the amount in controversy is more likely than not to exceed the $75,000.00 jurisdictional requirement. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996).

12. It is well settled that a defendant may use written communications to determine if the case is removable. *See Essenson v. Coale* 848 F. Supp. 987, 989-90 (M.D. Fla. 1994); *Jase East Towers Developers v. Nationwide Mut. Ins. Co.*, 936 F. Supp. 890, 892 (N.D. Fla. 1996).

13. In written communications made prior to filing suit, Plaintiff expressed the value of

its claim in terms of a dollar amount. More specifically, Plaintiff claims that its medical specials alone are $107,139.44, and that a "demand for settlement of our client's case is hereby made in the sum of $350,000.00." See Exhibit "B" attached hereto.

14. The foregoing evidence amply supports a conclusion that the amount in controversy, for purposes of diversity jurisdiction, exceeds the minimum requirement of $75,000.00. As a result, this Court has subject matter jurisdiction over Plaintiff's Complaint.

## TIMING

15. Because Defendant removed this case on February 28, 2013, and the Complaint was served upon Defendant on February 8, 2013, Defendant is within thirty (30) days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C. § 1446(b).

## PROCESS AND PLEADINGS

16. Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings served upon Defendant, WAL-MART STORES, INC., and the pleadings now on file in the State Court Action, have been herewith provided. *See* Composite Exhibit "A."

17. On the same date of the filing of this Notice of Removal, Defendant, WAL-MART STORES, INC., has filed and served on opposing counsel its Answer to the Complaint as well as a Notice of Filing Removal in the Circuit Court in Miami-Dade County, Florida, and attaching a copy of its Answer to Complaint filed herein, as this was the deadline to respond to the Complaint in the State Court Action.

## CONCLUSION

18. This Court has removal jurisdiction over this action pursuant to 28 U.S.C. §1332 and

1441. Defendant therefore exercises its right pursuant to 28 U.S.C. § 1332, 1441, and 1446 to remove this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami Division.

19. The undersigned attorney hereby certifies that he has conferred with its clients, WAL-MART STORES, INC. and JOHN F. AMAYA of Bentonville, Arkansas and Rogers, Arkansas, and they both consent to said removal.

WHEREFORE, Defendant, WAL-MART STORES, INC., respectfully requests that this action proceed in this Court as an action properly removed pursuant to 28 U.S.C. § 1441.

Dated this **28th** day of **February, 2013**.

Respectfully submitted,

NICKLAUS & ASSOCIATES, P.A.
*Attorneys for Defendant, Wal-Mart Stores, Inc.*
4651 Ponce de Leon Boulevard
Suite 200
Coral Gables, Florida 33146
Telephone: 305-460-9888
Facsimile: 305-460-9889
Edwardn@nicklauslaw.com
daniellev@nicklauslaw.com


s/ Edward R. Nicklaus
EDWARD R. NICKLAUS
Florida Bar No. 138399
DANIELLE C. VENEZIA
Florida Bar No. 97090

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a copy of the foregoing was served via U.S. Mail and Email on this **28th** day of **February, 2013**, to: Anthony J. Soto, Esq., Rubenstein Law, P.A., 9155 South Dadeland Boulevard, Suite 1600, Miami, Florida 33156, tony@tubensteinlaw.com, nancy@rubensteinlaw.com, eservice@rubensteinlaw.com.

**NICKLAUS & ASSOCIATES, P.A.**
*Attorneys for Defendants*
4651 Ponce de Leon Boulevard, Ste. 200
Coral Gables, FL 33146
Phone: 305-460-9888
Fax: 305-460-9889
edwardn@nicklauslaw.com
daniellev@nicklauslaw.com

By: _____
**EDWARD R. NICKLAUS, ESQ.**
Florida Bar No.: 138399
**DANIELLE C. VENEZIA, ESQ.**
Florida Bar No.: 097090